Filing # 59628924 E-Filed 07/27/2017 05:24:47 PM

**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

| | |
|---|---|
| **Fletcher Kizzar Jr.,** | case number: _____ |
| *plaintiff,* | division: _____ |
| v. | ad damnum: $2,000 + Atty Fees & Costs |
| **Monterey Financial Services, LLC,** | Jury Trial Demanded |
| *defendant.* | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, **Fletcher Kizzar, Jr.,** ("Mr. Kizzar"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Monterey Financial Services, LLC,** ("Monterey") and states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action brought by Mr. Kizzar against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Section 559.55, Florida Statutes, *et. seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3.     Monterey is subject to the provisions of the FDCPA and FCCPA and is subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4.     Pursuant to Section 47.051, Florida Statutes, venue is proper in Hillsborough County because the acts complained of were committed and / or caused by Monterey therein.

## PARTIES

5.      Mr. Kizzar is a natural person residing in Hillsborough County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes.

6.      Monterey Financial Services, Inc. ("**Monterey, Inc.**") was a California corporation with a primary business address of 4095 Avenida De La Plata, Oceanside, CA 92056, and was registered as a foreign corporation with the Secretary of State of Florida from November 18, 2005 until it withdrew its registration on November 30, 2016.   **SEE PLAINTIFF'S EXHIBIT A.**

7.      On October 5, 2015, Monterey Financial Services, Inc., filed documents with the California Secretary of State to become Monterey Financial Services, LLC. **SEE PLAINTIFF'S EXHIBIT B.**

8.      Monterey is a California limited liability company with a primary business address of 4095 Avenida De La Plata, Oceanside, CA 92056. *Id.*

9.      Monterey registered as a foreign limited liability company with the Florida Secretary of State on November 30, 2016. **SEE PLAINTIFF'S EHIBIT C**

10.     Monterey's registered agent in Florida is **Registered Agent Solution, Inc., 155 Office Plaza Drive, Suite A, Tallahassee, FL 32301. Id.**

11.     Monterey is a "debt collector" within the meaning of both 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another entity.

12.     Monterey has not registered with the Florida Office of Financial Regulation as a Consumer Collection Agency and does not have a Consumer Collection Agency license.

13.     The Defendant has attempted to collect debts under alternative names, including **Monterey Collection Services, Monterey Collections,** and **Monterey Coll Svc.**

## FACTUAL ALLEGATIONS

14.    Around February 2015, Mr. Kizzar allegedly incurred a debt to Villa Group VPA, ("Villa"), relating to the financing of a vacation time-share ("the debt").

15.    Because the debt arose from services for family, personal, or household purposes, the debt falls within the definition of "debt" according to FDCPA and FCCPA, 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes, respectively.

16.    Villa assigned the debt to Monterey, Inc./Monterey for billing and servicing of payments.

17.    The amount of the loan was purportedly $9,956.

18.    Mr. Kizzar disputes owing Villa any amount as he did not believe he entered into any arrangement to purchase property and has maintained his position since first being told that it was owed.

19.    Around July 2015, Villa, or Monterey, Inc./Monterey on behalf of Villa, charged the debt to profit and loss, claiming that, at that point, $9,956 was past due.

20.    On or about September 2015, Monterey, Inc./Monterey reported to Trans Union, a consumer credit reporting agency ("CRA"), that the debt had a past-due balance of $12,873, under account number "50260..."

21.    By reporting the tradeline with a balance of $12,873, Monterey, Inc./Monterey claimed that the balance of the account had increased almost 30% within a few months.

22.    The Defendant, on other accounts besides Mr. Kizzar's, has added collection fees of 30% or greater to accounts they collect under the name Monterey Collection Services.

23.    No Florida statute authorizes a 30% (or more) collection fee to be added, without court judgment or express contractual provisions, simply because the debt is collected by a debt collector.

24.     On information and belief, no contract or agreement exists allowing for the Defendant to charge a 30% collection fee or similar.

25.     No judgment exists allowing for the Defendant to charge a 30% collection fee.

26.     On or about March 31, 2017, Monterey, Inc./Monterey re-reported its tradeline to Trans Union, alleging $12,873 was past-due, utilizing the name "Monterey Coll Svc." **SEE PLAINTIFF'S EXHIBIT D.**

27.     In April 2017, Mr. Kizzar became aware of the Defendant's credit reporting when he applied for a home loan.

28.     As a result of his application, Certified Credit Reporting made a Merged Infile Credit Report on April 4, 2017. *Id.*

29.     The mortgage company informed Mr. Kizzar that his credit report showed overall very good scores and no derogatory information, with the exception of the collection tradeline that "Monterey Coll Svc," was reporting to Trans Union. *Id.*

30.     The "Monterey Coll Svc" tradeline was only reporting to Trans Union. *Id.*

31.     Mr. Kizzar's Trans Union credit score was over 100 points lower than his Equifax and Experian credit scores. *Id.*

32.     On May 6, 2017, Mr. Kizzar disputed the debt to Trans Union, stating the information was inaccurate.

33.     Trans Union, in turn, sent Monterey LLC an Automated Consumer Dispute Verification ("ACDV") request and asked it to make a reasonable reinvestigation into the matter pursuant to the Fair Credit Reporting Act ("FCRA").

34.     On or about May 26, 2017, Monterey LLC responded to the ACDV and instructed Trans Union to delete the information from Mr. Kizzar's credit report.

35.     As a result, Trans Union deleted the tradeline from Mr. Kizzar's credit report that day. **SEE PLAINTIFF'S EXHIBIT E.**

36.     On June 1, 2017, the Defendant, using the name Monterey Collections, sent Mr. Kizzar a letter stating that it was aware that he had disputed the debt, but that

"(P)er the FDCPA, you had **30 days** (emphasis original) from the date you were notified by Monterey Collections that your account had been placed with Monterey Collections, to request to dispute this debt. You were notified by Monterey Collections on 7/30/2015 and were sent the required notifications at that time. You failed to request for verification (SIC) within the necessary time frame. Had you done so, the information would have been provided at that time."

**SEE PLAINTIFF'S EXHIBIT F.**

37.     The letter was headlined, "THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY." *Id.*

38.     At no point prior did the Defendant send any correspondence to Mr. Kizzar regarding the debt.

39.     The letter also stated, "This defaulted account for Villa Group VPA will continue to report accordingly, as a disputed collection account." *Id.*

40.     The letter was signed, "Travis A. Packer, Collections Representative, Monterey Collection Services." *Id.*

41.     Based on the plain language of Monterey Collection's letter, an unsophisticated consumer, would conclude that his failure to pay the disputed debt would result in the account being re-reported to his credit history and re-blemishing his credit report.

42.    Information supplied by Monterey Inc. and/ or Monterey LLC to the Better Business Bureau ("**BBB**") state that Travis Packer ("**Packer**") is the "Loan Servicing Manager" of the management team of Monterey LLC. **SEE PLAINTIFF'S EXHIBIT G.**

43.    Thus, the letter purporting to be from a collection agent at Monterey Collection Services was really from a business manager at Monterey LLC and/or Monterey Inc.

44.    By reporting a debt to a CRA utilizing the name "Monterey Coll Svc" and mailing a letter from "Monterey Collection Services," Monterey created the impression that a third party was now involved in the collection of the debt, especially considering the June 1, 2017 letter was headlined "THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY."

45.    No legally-registered entity called **Monterey Collection Services** or **Monterey Collections** exists.

46.    Neither **Monterey Collection Services** nor **Monterey Collections** has a Florida Consumer Collection Agency license.

47.    No entity named **Monterey Collection Services** or **Monterey Collections** is registered with the Florida Secretary of State to engage in business within the State.

48.    No entity named **Monterey Collection Services** or **Monterey Collections** has registered with the California Secretary of State to engage in business in California.

49.    By falsely indicating that a third-party is collecting the debt, Monterey's actions made Monterey a "debt collector" subject to the provisions of the FDCPA and FCCPA. 15 U.S.C. § 1692a(6) and § 559.55(7), Florida Statutes.

50.    Reporting a debt to a CRA is an attempt to collect the alleged debt.

51.    Periodically in early 2017, Monterey would make phone calls to Mr. Kizzar and attempt to collect the $12,000+ balance from him.

52. Monterey, Inc. and/or Monterey's reports to the CRAs and its letter to Mr. Kizzar were "communications" as defined by 15 U.S.C. § 1692a(2) and Section 559.55(2), Florida Statutes.

53. Mr. Kizzar has hired the above identified law firm to represent him in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et. seq.

54. Mr. Kizzar adopts and incorporates paragraphs 1 – 53 as if fully restated herein.

55. Monterey, Inc./Monterey violated 15 U.S.C. § 1692e and 1962e(2)(a) when it made a false representation about the character of a debt by: (1) reporting a debt to a CRA far in excess of the amount due by adding a 30% (or more) collection fee when it had no right to do so; (2) falsely implying that a non-existent, unregistered entity alternately called **Monterey Collection Services** and **Monterey Collections** was involved in the collection of the debt; (3) stating that it would not validate a disputed debt because it had supposedly mailed prior correspondence in 2015, when it had not; and, (4) falsely implying that a debt which was not reporting to any CRA would "continue" to report if not paid.

56. Monterey, Inc./Monterey violated 15 U.S.C. § 1692e(10) when it made false representations in an attempt to collect a debt by: (1) reporting a debt to a CRA far in excess of the amount due by adding a 30% (or more) collection fee when it had no right to do so; (2) falsely implying that a non-existent, unregistered entity alternately called **Monterey Collection Services** and **Monterey Collections** was involved in the collection of the debt; (3) stating that it would not validate a disputed debt because it had supposedly mailed prior correspondence in 2015, when it had not; and, (4) falsely implying that a debt which was not reporting to any CRA would "continue" to report if not paid.

57.     Monterey, Inc./Monterey violated 15 U.S.C. § **1692g(a)(1)-(5)** when it failed to send written notice of Mr. Kizzar's consumer rights to him.

58.     Monterey, Inc./Monterey violated 15 U.S.C. § **1692e(8)** when it communicated credit information known to be false in an attempt to collect a debt by: (1) falsely reporting that a non-existent, unregistered entity called **Monterey Collection Services** or **Monterey Collections** was involved in the collection of the debt; and, (2) falsely reporting the alleged balance of the supposed debt.

59.     Monterey, Inc./Monterey violated 15 U.S.C. § **1692e(14)** when it attempted to collect a debt utilizing a name other than the debt collector's true name, when they attempted to collect a debt utilizing the name **Monterey Collection Services**, **Monterey Collections**, and **Monterey Coll Svc.**

60.     Monterey, Inc./Monterey violated 15 U.S.C. § **1692f** when it used unfair or unconscionable methods to collect a debt by: (1) stating it would not validate a disputed debt because Mr. Kizzar failed to respond within 30 days of a letter it supposedly sent in 2015, when it sent no such letter; (2) pretending that Packer, its business loan manager, was actually a collection agent for a non-existent collection agency, attempting to create the false impression that Monterey Collection Services was a debt collector; and, (3) threatened to report a debt to a CRA which had already been deleted.

61.     Monterey, Inc./Monterey violated 15 U.S.C. § **1692f(1)** when it added fees of nearly 30% to the balance supposedly due without authorization from contract or law.

62.     The Defendant's conduct renders it liable for violations of the FDCPA, and Mr. Kizzar is therefore entitled to statutory damages not to exceed $1,000.00 as well as other relief.

**WHEREFORE,** Mr. Kizzar respectfully requests this Honorable Court enter judgment against the Defendant for:

a.      Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.      Such other relief that this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE FCCPA- Section 559.55, Florida Statutes, *et. seq.***

63.      Mr. Kizzar adopts and incorporates paragraphs 1 – 53 as if fully stated herein.

64.      Monterey, Inc./Monterey violated Section **559.72(9)**, Florida Statutes, when it knowingly asserted the existence of a legal right which does not exist, by adding a collection fee of more than 30% to a debt, while Monterey, Inc./Monterey knew or should have known that no such right existed.

65.      Monterey, Inc./Monterey violated Section **559.72(9)**, Florida Statutes, when it knowingly asserted the existence of a legal right which does not exist, when Monterey, Inc./Monterey asserted it had a right to attempt to collect a debt as **Monterey Collection Services** and **Monterey Collections**, when no such right exists, and Monterey, Inc./Monterey knew no such right exists for an unregistered, non-existent entity.

**WHEREFORE**, Mr. Kizzar respectfully requests that this Honorable Court enter judgment against the Defendant for:

a.      Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

b.      Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

c.      Injunctive relief prohibiting the Defendant from attempting to collect a debt contrary to the FCCPA;

d.      Reasonable costs and attorneys' fees pursuant to section 559.77(2), Florida Statutes; and,

**Page 9 of 19**

e.      Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Kizzar demands a jury trial on all issues.


Respectfully submitted this 27th day of July 2017, by:


/s/Thomas M. Bonan
Thomas M. Bonan
Florida Bar Number: 118103
Seraph Legal, P. A.
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
(813) 567-1230
tbonan@seraphlegal.com
Attorney for Plaintiff

EXHIBIT A
Florida Business Registration Record for Monterey Financial Services, Inc.



Department of State  /  Division of Corporations  /  Search Records  /  Detail By Document Number  /

## Detail by Entity Name

Foreign Profit Corporation
MONTEREY FINANCIAL SERVICES, INC.

Filing Information

| | |
|---|---|
| **Document Number** | F05000006707 |
| **FEI/EIN Number** | 33-0369207 |
| **Date Filed** | 11/18/2005 |
| **State** | CA |
| **Status** | INACTIVE |
| **Last Event** | WITHDRAWAL |
| **Event Date Filed** | 11/30/2016 |
| **Event Effective Date** | NONE |

Principal Address

4095 AVENIDA DE LA PLATA
OCEANSIDE, CA 92056

Mailing Address

4095 AVENIDA DE LA PLATA
OCEANSIDE, CA 92056

Registered Agent Name & Address

NONE

Registered Agent Revoked: 11/30/2016

Officer/Director Detail

Name & Address

Title Chairman, Director, Officer

STEINKE, ROBERT C
4095 AVENIDA DE LA PLATA
OCEANSIDE, CA 92056

Title S

HUGHES, CHRISTOPHER R
4095 AVENIDA DE LA PLATA
OCEANSIDE, CA 92056

**EXHIBIT B**
California Secretary of State LLC Conversion Filing

D13I8717

| | | LLC-1A | File # __201528610138__ |
|---|---|---|---|

**State of California**
**Secretary of State**
146215 out

**Limited Liability Company**
**Articles of Organization - Conversion**

**FILED**
Secretary of State
State of California
**OCT 0 5 2015**

1 CC This Space For Filing Use Only

IMPORTANT — Read all instructions before completing this form.

**Converted Entity Information**

1. Name of Limited Liability Company (The name must include the words Limited Liability Company or the abbreviations LLC or L.L.C. The words Limited and Company may be abbreviated to Ltd. and Co., respectively.)

   Monterey Financial Services LLC

2. The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

3. The limited liability company will be managed by (check only one):

   [✓] One Manager    [ ] More Than One Manager    [ ] All Limited Liability Company Member(s)

| 4. Initial Street Address of Limited Liability Company's Designated Office in CA | City | State | Zip Code |
|---|---|---|---|
| 4095 Avenida de la Plata | Oceanside | CA | 92056 |

| 5. Initial Mailing Address of Limited Liability Company, if different from Item 4 | City | State | Zip Code |
|---|---|---|---|
| | | | |

6. Name of Initial Agent For Service of Process (Item 6: List a California resident or a California registered corporate agent that agrees to be your initial agent for service of process in case the LLC is sued. You may list any adult who lives in California. You may not list an LLC as the agent. Item 7: If the agent is an individual, list the agent's business or residential street address in California. Do not list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

   Chris Hughes

| 7. If an individual, Street Address of Agent for Service of Process in CA | City | State | Zip Code |
|---|---|---|---|
| 4095 Avenida de la Plata | Oceanside | CA | 92056 |

**Converting Entity Information**

8. Name of Converting Entity

   | Monterey Financial Services Inc.

| 9. Form of Entity | 10. Jurisdiction | 11. CA Secretary of State File Number, if any |
|---|---|---|
| Corporation | California | 1467215 |

12. The principal terms of the plan of conversion were approved by a vote of the number of interests or shares of each class that equaled or exceeded the vote required. If a vote was required, the following was required for each class:

| The class and number of outstanding interests entitled to vote. | AND | The percentage vote required of each class. |
|---|---|---|
| Common - 1,723,000 outstanding shares of capital stock | | 100% |

**Additional Information**

13. Additional information set forth on the attached pages, if any, is incorporated herein by this reference and made part of this certificate.

14. I certify under penalty of perjury that the contents of this document are true. I declare I am the person who executed this instrument, which execution is my act and deed.

Signature of Authorized Person

Chris Hughes, President
Type or Print Name and Title of Authorized Person

Signature of Authorized Person

Chris Hughes, Secretary
Type or Print Name and Title of Authorized Person

LLC-1A (REV 01/2015)                              APPROVED BY SECRETARY OF STATE

Case 8:17-cv-02082-CEH-AEP   Document 2   Filed 08/31/17   Page 13 of 18 PageID 22

## EXHIBIT C
Florida Business Registration Record for Monterey Financial Services, LLC



Department of State  /  Division of Corporations  /  Search Records  /  Detail By Document Number  /

## Detail by Entity Name

Foreign Limited Liability Company
MONTEREY FINANCIAL SERVICES LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | M16000009574 |
| **FEI/EIN Number** | 33-0369207 |
| **Date Filed** | 11/30/2016 |
| **State** | CA |
| **Status** | ACTIVE |

**Principal Address**

4095 AVENIDA DE LA PLATA
OCEANSIDE, CA 92056

**Mailing Address**

4095 AVENIDA DE LA PLATA
OCEANSIDE, CA 92056

**Registered Agent Name & Address**

REGISTERED AGENT SOLUTIONS INC
155 OFFICE PLAZA DR SUITE A
TALLAHASSEE, FL 32301

**Authorized Person(s) Detail**

**Name & Address**

Title MBR

STEINKE, ROBERT
4095 AVENIDA DE LA PLATA
OCEANSIDE, CA 92056

Title MBR

LUCAS, SHAUN
4095 AVENIDA DE LA PLATA
OCEANSIDE, CA 92056

Title MBR

Page **13** of **19**

EXHIBIT D
Plaintiff's Trimerge Credit Report Dated April 4, 2017



EXHIBIT D
Plaintiff's Trimerge Credit Report Dated April 4, 2017



| | | CONDITION | | DATE REPORTED | DATE OPENED DLA | HIGH CREDIT OR LIMIT ACCT TYPE | BALANCE TERMS | | | MO REV | | | | STATUS SOURCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| B | B | MONTEREY COL 502804510 | | 02/17 | 07/15 -/- | $9956 COLL | $12772 - | $12772 | - | - | - | | | COLLECTION TU |

EXHIBIT D
Plaintiff's Trimerge Credit Report Dated April 4, 2017



PLACED FOR COLLECTION; ORIGINAL CREDITOR: 12 VILLA GROUP

OTHER CREDIT HISTORY
*** NONE ***
PUBLIC RECORDS
*** NONE ***

REDACTED

## EXHIBIT E
### Trans Union Dispute Investigation Results Dated May 26, 2017

5/30/2017                          TransUnion Online Investigation Service: Resolution Summary

FLETCHER L. KIZZAR JR

**TransUnion.**  **ONLINE DISPUTE SERVICE**

HELP

## Resolution Summary

We have completed verification of the investigation or changes that you requested regarding your TransUnion Personal Credit Report. Please review these results carefully.

The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our investigation. If an item says, "Deleted" we have removed it from your credit report and taken steps so it does not reappear. If an item says, "Verified, no change" it means the company that reports the information to us has certified it is reported accurately. If an item says "New Information Below" you should look at the item carefully to see whether you believe it is now accurate. Sometimes the new information reflects only a change to a balance or date, because the company that reports that item to us has certified that the rest of the information is accurate.

If our investigation has not resolved your dispute, you have several options:

You may submit another request for investigation by clicking "NEW INVESTIGATION" above and indicating that you are filing a repeat dispute. By using this channel, you will be prompted to add additional information you feel is relevant to your dispute and you may upload supporting documentation.

You may print and complete a Request for Investigation form and return it, along with supporting documentation.

You may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you.

You may contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

You may file a complaint about TransUnion, or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office.

### Investigation Results

| CURRENT FILE | FILE NUMBER | REDACTED | NAME | FLETCHER L. KIZZAR JR |
| --- | --- | --- | --- | --- |
| | REPORT DATE | 05/26/2017 | ADDRESS | REDACTED |
| | DISPUTE OPEN DATE | 05/06/2017 | COMPLETION DATE | 05/26/2017 |

**Account information**

| ITEM | DESCRIPTION | RESULTS |
| --- | --- | --- |
| MONTEREY COLL SVC<br>4095 AVENIDA DE LA PLATA<br>OCEANSIDE, CA 92056<br>(760) 639-3540 x3236 | # 50260**** | DELETED |

View an updated copy of your TransUnion Personal Credit Report    **CONTINUE**

Exit the Resolution Summary    **CANCEL**

Click **Continue** to view an updated copy of your Personal Credit Report.

To learn more about the dispute process, visit our Help page.

©2012 TRANSUNION LLC. ALL RIGHTS RESERVED.    TRANSUNION.COM   PRIVACY POLICY   TERMS OF USE

https://onlinedispute.transunion.com/oda/do/checkUserIndicativeInput

1/1

EXHIBIT F
Written Correspondence Sent By Monterey Collection Services,
Dated June 1, 2017



Monterey Collections
4095 Avenida De La Plata
Oceanside, CA  92056

TELEPHONE: (877) 775-3091
FAX: (760) 639-3541
TOLL FREE FROM MEXICO: 001-866-928-9343

Monterey Financial Services | Monterey Loan Servicing | Monterey Collections

**THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

June 01, 2017

FLETCHER L KIZZAR

REDACTED

Contract No.: REDACTED
Account No.:

FLETCHER L KIZZAR,

This letter is in response to the dispute received and pursuant to the debt validation requirements set forth in the Fair Debt Collection Practices Act. Please note that per the FDCPA, you had **30 days** from the date you were notified by Monterey Collections that your account had been placed with Monterey Collections, to request to dispute this debt. You were notified by Monterey Collections on 07/30/2015 and were sent the required notifications at that time. You failed to request for verification within the necessary time frame. Had you done so, the information would have been provided at that time.

This defaulted account for Villa Group VPA will continue to report accordingly, as a disputed collection account. Call our office today to set up the necessary arrangements to satisfy your obligation to the contract.

Trusting this is satisfactory,

Travis A. Packer
Collections Representative
Monterey Collection Services

For your convenience, you may also go to **https://www.montereyfinancial.com/mfonline/** to review your account information, make a payment, sign up for automatic payments, or to receive payoff quotes. Our privacy policy is also available for your review at **http://www.montereyfinancial.com/montfin/privacy-policy/**.

**This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

[EN420]

Page **18** of **19**

• Consumer Finance & Loan Companies